IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                       OPINION AND ORDER

            Plaintiff,

                                          20-cv-470-bbc

    v.

KRAIG KALKA and KENNETH BROWN,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action for monetary and injunctive relief, pro se plaintiff Khaled Shabani alleges that City of Madison police officers, defendants Kraig Kalka and Kenneth Brown, violated his constitutional rights by harassing and intimidating him and his daughter in numerous ways.  Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

      In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's complaint under this standard, I conclude that it violates Rule 8 of the Federal Rules of Civil Procedure because it fails to provide sufficient information for this court to determine whether (1) subject matter jurisdiction exists or (2) whether plaintiff would be entitled to any relief against either of the named defendants.  Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short of plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8.

Plaintiff broadly asserts that defendants Kraig Kalka and Kenneth Brown, who are police officers with the Madison Police Department, violated his civil rights by harassing and intimidating him on numerous occasions in 2019 and 2020. He alleges that defendants "pretended to arrest him" in front of his hair salon on State Street in Madison, Wisconsin, but he fails to explain what happened or how their conduct violated his constitutional rights. Under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013). (Plaintiff made similar allegations against Kalka and Brown concerning an earlier time period in a previous lawsuit in this court, but he was denied leave to proceed on a claim against them because he never provided sufficient information for me to determine whether he could state a claim against either defendant. Dkt. #8 at 5, case no. 19-cv-65-bbc.) As in his previous lawsuit, plaintiff also alleges that he believes that defendants beat his daughter

in the eye in October 2015. However, as I explained to plaintiff in orders issued in his previous lawsuit, he lacks standing to pursue a constitutional claim on his daughter's behalf.

I will dismiss plaintiff's complaint without prejudice. However, I will give him an opportunity to file an amended complaint that clarifies his claim that defendants harassed and intimidated him. Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what defendants said or did to him when they pretended to arrest him; (2) when it happened; and (3) what makes him believe that defendants violated his rights. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. He should not include any allegations relating to the alleged beating of his daughter. After he finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Plaintiff may have until July 2, 2020 to provide an amended complaint. If plaintiff does not file an amended complaint by that date, the court will dismiss and close this case.

ORDER

IT IS ORDERED that plaintiff Khaled Shabani's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until July 2, 2020

to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by July 2, the clerk of court is directed to close this case.

Entered this 11th day of June, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge