IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                           OPINION AND ORDER

            Plaintiff,

                                              20-cv-470-bbc

    v.

KRAIG KALKA and KENNETH BROWN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Khaled Shabani filed a civil action under 42 U.S.C. § 1983, contending that defendants Kraig Kalka and Kenneth Brown violated his constitutional rights by harassing and intimidating him and his daughter in numerous ways. On June 11, 2020, I dismissed plaintiff's complaint under Rule 8 of the Federal Rules of Civil Procedure because his complaint did not provide enough information for me to determine whether subject matter jurisdiction exists or whether plaintiff would be entitled to any relief against either of the named defendants, but I gave plaintiff an opportunity to file an amended complaint that explained his claims more clearly. Dkt. #5. In response, plaintiff has filed a proposed amended complaint. Dkt. #6. Because plaintiff is proceeding without prepayment of the filing fee, his amended complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

      Having read the allegations of the amended complaint generously, as I am required to do for pro se litigants, Haines v. Kerner, 404 U.S. 519, 521 (1972), I conclude that

1

plaintiff's allegations do not state a federal claim upon which relief may be granted. Therefore, the amended complaint will be dismissed.

OPINION

Plaintiff asserts that defendants Kraig Kalka and Kenneth Brown, who are police officers with the Madison Police Department, violated his civil rights by standing and walking in front of his hair salon on State Street in Madison, Wisconsin and waving and pointing at him on numerous occasions between 2014 and May 1, 2020. Although he alleges that defendants led him to believe that they wanted to arrest him, he does not allege that they ever arrested him, verbally threatened him or touched him in any way.

"[P]olice harassment, without more, cannot form a basis for a § 1983 cause of action." Harris v. City of West Chicago, Illinois, 2002 WL 31001888, at *3 (N.D. Ill. Sept. 3, 2002) (quoting Arnold v. Truemper, 833 F. Supp. 678, 682 (N.D. Ill. 1993)). See also Dick v. Gainer, 1998 WL 214703, at *5 (N.D. Ill. Apr. 23, 1998) ("There is no constitutional right to be free from threats of arrest; an actual civil rights violation must occur before a cause of action arises under § 1983."). "[C]itizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983." Slagel v. Shell Oil Refinery, 811 F. Supp. 378, 382 (C.D. Ill. 1993), aff'd, 23 F.3d 410 (7th Cir. 1994). See also Arnold, 833 F. Supp. at 683 ("Inconvenience, aggravation and alleged injuries to reputation caused by police officers do not amount to [a constitutional]

violation."). In this case, plaintiffs' allegations that defendants walked or stood in front of his store and waved and pointed at him do not rise to the level of a constitutional violation. Harris, 2002 WL 31001888, at *3 (frequent drive-bys, shining spotlight in windows and verbal threat to "watch it—we're going to get you and your family" did not rise to level of constitutional violation); Goldberg v. Weil, 707 F. Supp. 357, 361 (N.D. Ill. 1989) (dismissing harassment claim based on allegations police banged on plaintiff's doors, jumped over locked fence into backyard, shouted at her and threatened her with arrest).

As in his previous lawsuit filed in this court, case no. 19-cv-65-bbc, plaintiff also alleges that he believes that defendants beat his daughter in the eye in October 2015. However, as I explained to plaintiff in orders issued in his previous lawsuit, he lacks standing to pursue a constitutional claim on his daughter's behalf. Therefore, plaintiff's amended complaint will be dismissed for failure to state a federal claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Khaled Shabani's amended complaint is DISMISSED for failure to state a claim upon which relief may be granted.

Entered this 28th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge